IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2008

No. 07-51397
Summary Calendar

BELINDA L. GROSSKOPF

Plaintiff-Appellant

V.

POSTMASTER JOHN E. POTTER; SAN ANTONIO ALAMO AREA LOCAL
AMERICAN POSTAL WORKERS UNION AFL-CIO

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
No. 5:05-CV-836

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Belinda Grosskopf appeals the dismissal of her claims against the
Postmaster under Title VII and the Rehabilitation Act. She also appeals the
dismissal of her claims of race and gender discrimination and violation of the
ADA against the Postal Workers Union. The district court dismissed Grosskopf's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims on the defendants' Motions to Dismiss and for Summary Judgment based on the Memorandum and Recommendation of the Magistrate Judge. We affirm.

Grosskopf's complaint against the Postmaster under Title VII arises from a change in her scheduled days off in November 2003 that resulted in her being required to work six consecutive days. Because her medical restrictions prevented her from working more than five days in a row, she used a day of medical leave to avoid working more than five days in a row. We agree with the Memorandum and Recommendation of the Magistrate Judge that a change in Grosskopf's scheduled days off does not constitute an adverse employment action and Grosskopf cannot make a prima facie case of employment discrimination under Title VII. Watts v. Kroger Co., 170 F.3d 505, 512 (5th Cir. 1999).

Grosskopf's claims under the Rehabilitation Act against the Postmaster also fail. A claim under the Rehabilitation Act requires that the plaintiff make a prima facie showing that she is an individual with a disability. Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997). "An individual with a disability is any person who (1) has a physical or mental impairment which "substantially limits one or more of such person's major life activities"; (2) has a "record" of such an impairment; or (3) is "regarded" as having such an impairment. 29 U.S.C. § 706(8)(B) (West Supp.1997)." Id. "A physical or mental impairment that affects the claimant's ability to engage in a narrow range of jobs only or a particular job alone does not "substantially limit" one or more major life activities." Id. The evidence submitted by Grosskopf of her physical limitations does not establish that her physical impairment substantially limits a major life activity. In addition, nothing in Grosskopf's summary judgment evidence raises a fact question about whether the Postal Service regarded her as having a "disability" as defined above.

Grosskopf's claims against the Union meet a similar fate. Her claim under Title VII against the Union based on race fails for failure to exhaust.

Grosskopf's charge filed with the EEOC does not include a complaint about discrimination on the basis of race. Grosskopf's claim based on gender discrimination by the Union fails because she failed to present evidence that raises a fact question about whether the Union's reason for not pursuing a grievance on her behalf was a pretext for gender discrimination. We agree with the Magistrate Judge that the summary judgment evidence shows that male employees were treated in the same manner as Grosskopf - that is, the Union pursued a grievance on behalf of any employee who did not receive 28 days notice of a change in their scheduled days off. Grosskopf received the required notice.

Finally, Grosskopf's claims against the union for discrimination under the ADA fail for failure to establish a prima facie case. As stated above, Grosskopf failed to establish that her physical limitations result in a physical impairment that substantially limits a major life activity or that the Union treated her as disabled.

For the reasons stated above and in the Magistrate Judge's Memorandum and Recommendation on Defendant's Motions to Dismiss and for Summary Judgment dated August 22, 2007 and adopted by the district court on October 24, 2007, we affirm.

AFFIRMED.